UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLETTE BECNEL**<br><br>    Plaintiff,<br><br>v.<br><br>**UNITED AIRLINES, INC.,**<br><br>    Defendant. | CIVIL ACTION NO.<br><br>SECTION<br><br>JUDGE:<br><br>MAGISTRATE: |

## COMPLAINT

The Complaint of Charlette Becnel ("Ms. Becnel") respectfully represents:

### JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question). Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear claims arising under state law.

### VENUE

2. Venue is proper for this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana, and the Defendant regularly transacts business in this District.

### PARTIES

3. The plaintiff is Charlette Becnel, who is a person of full age of majority and resident of St. Charles Parish, Louisiana, who at all relevant times has been a "qualified individual with a disability" within the protection of the ADA.

4.     Made defendant herein is UNITED AIRLINES, INC. ("United Airlines"), a foreign corporation domiciled in Delaware, and doing business in Louisiana, and registered or authorized to transact business in the state of Louisiana, and conducting business within the State of Louisiana, and Eastern District Louisiana.

**STATEMENT OF FACTS**

5.     Ms. Becnel is an experienced and qualified professional with over 20 years of experience in the airline industry, including management positions with American Airlines.

6.     United Airlines hired Ms. Becnel to begin work as a Customer Service Representative beginning September 13, 2022, with the first 180 days designated as a "probationary period." For the first five months of her employment, Ms. Becnel was assigned the full rotation of Customer Service Positions within United Airlines, including lobby agent, bag drop, ticket agent, primary, or secondary gate agent.

7.     For several months, Ms. Becnel's employment at United Airlines proceeded commendably, with no indications of sub-standard performance or workplace conflicts. By all accounts, Ms. Becnel was a high-performing employee.

8.     Then, on February 26, 2023, Ms. Becnel was assigned to baggage drop to fill in for an absent contractor. As a result of the large bags typical of post-Mardi Gras departing passengers, Ms. Becnel injured her lower spine during her two-hour shift throwing bags. This injury substantially interfered with her major life activities, and Ms. Becnel was disabled, as defined by the ADA.

9.     Ms. Becnel reported her injury to the Lead representative on staff that day, but the supervisor John Messina had already left for the day.

10. The next work day that Ms. Becnel saw a manager, she informed supervisor Becky Terry that she injured her back and needed urgent medical care. At that time, Becky Terry informed Ms. Becnel "It is not a good idea to report that injury", because Ms. Becnel was still on probation and management would not like that development.

11. In that same conversation, Ms. Terry told Ms. Becnel "You are older and your body doesn't work like it used to."

12. Ms. Becnel was not permitted to formally report her injury, and therefore be treated under her worker's compensation coverage, until March 3, 2023.

13. After Ms. Becnel started to receive medical care on March 6, 2023, Ms. Becnel asked her United Airlines supervisors Becky Terry, John Messina, and Lisa Gabrelcik for a reasonable accommodation to move her schedule to the early shift, which shift was both available and in need of staffing.

14. United Airlines Management did not provide this accommodation, even though it meant Ms. Becnel's urgent medical appointments would interfere with her work schedule.

15. Ms. Becnel asked United Airlines Management again for an accommodation on March 11, 2023, in an email to management outlining the scheduling issue related to her injury. United Airlines again failed to make a reasonable accommodation to Ms. Becnel's schedule. At this time, Ms. Becnel complained to United Airlines Management that she was being mistreated as a result of her disability.

16. After her injury, Ms. Becnel was assigned to work exclusively from 1030 – 1530 or 1630. Concentra, the worker's compensation treatment facility treating her disabling back injury, is open from 900 – 1500, making Ms. Becnel's work schedule and physical therapy schedule incongruent.

17.     Ms. Becnel asked to be placed on an earlier shift (for example, 0500 – 1200), which was both a more in-need shift (as less employees were willing to work the earliest shift and the station was offering daily overtime to cover those shifts) and would permit Ms. Becnel to continue her physical therapy without interference to her work duties. This request was never considered, and United Airlines Management refused to engage in an interactive process to provide a reasonable accommodation.

18.     In addition to refusing to provide a shift change as an accommodation to Ms. Becnel to permit her to undergo medical treatment, following her March 3 injury report, Ms. Becnel was only scheduled to work as a "Greeter", although Ms. Becnel was physically able to work as a lobby agent or secondary gate agent. The Greeter position is understood to be the least desirable customer service position, and often used as a punishment. Despite the retaliatory acts by United Airlines, Ms. Becnel continued to work hard and contribute to the company while undergoing regular medical treatment to her back.

18.     On April 7, 2023, Ms. Becnel was terminated for the pretextual basis of failing to complete her probationary period. Ms. Becnel contacted United management on April 10, 2023, three days after her termination, to address retaliation she experienced for her disability starting on March 9, 2023.

19.     On April 13, 2023, six days after her termination, Ms. Becnel received a letter from United Airlines stating she had been cleared to return to full duty. This letter was dated March 28, 2023, and postmarked April 7, 2023 (the date of Ms. Becnel's termination). No doctor cleared Ms. Becnel to return to work; in fact, she remained under active medical care for six months after the date of that letter.

20. Ms. Becnel filed a charge of discrimination on the basis of disability and retaliation with the Equal Employment Opportunity Commission on or about December 7, 2023.

21. Ms. Becnel received a right to sue notice dated December 14, 2023, authorizing him to bring private suit against United Airlines, Inc. This complaint is timely filed within 90 days of plaintiff's receipt of the right-to-sue notice.

22. Ms. Becnel took affirmative steps to mitigate her damages by finding alternate employment, beginning approximately December 1, 2023, in which job Ms. Becnel remains in as of this filing.

**Count One – Disability Discrimination Under ADA and La. R.S. 23:323**

23. Defendant United Airlines is an employer within the definition of the ADA and Louisiana R.S. 23:323.

24. The plaintiff was disabled as a result of her February 26, 2023 back injury, such that she is substantially limited in major life activities, specifically, walking and standing.

25. Ms. Becnel was and is at all relevant times qualified and capable to perform the duties of Customer Service Representative for the Defendant.

26. Defendant was put on notice of Ms. Becnel's disability on or about February 26, 2023, and no later than March 3, 2023, and refused to make reasonable accommodations to permit Ms. Becnel to perform her job, including but not limited to, failing to permit a shift change, where the requested shift was an area of greater need for Defendant, and the specific shift did not bear on Ms. Becnel's ability to perform her job.

27. Defendant terminated Ms. Becnel because of her disability, and specifically, because her disability made it difficult for Ms. Becnel to work the day shift without missing time due to medical treatment and limited her ability to ambulate or stand.

28. As a result of Defendant's discrimination, Ms. Becnel sustained damages including, without limitation, past and future lost wages and benefits, including back pay and front pay, lost promotional opportunities, lost career advancement opportunities, emotional distress, mental anguish, humiliation, damage to reputation, expenses finding further employment, and all other damages as will be shown more fully at trial.

29. By their intentional discrimination against Ms. Becnel, Defendant has maliciously and/or with reckless indifference violated the federally protected rights and State-protected rights of Ms. Becnel and is therefore liable for punitive damages.

### Count Two - Retaliation

30. The ADA, specifically 42 U.S.C. § 12203, makes it unlawful for an employer to retaliate against an employee who has opposed an unlawful employment practice, or a practice they reasonably believed to be unlawful.

31. Here, United Airlines engaged in retaliation by terminating Ms. Becnel when she complained about and opposed the disability discrimination she observed.

### Count Three – State Law Worker's Compensation Discrimination

32. Louisiana law, at La. R.S. § 23:1361, prohibits discharging an employee because the employee asserted a claim for benefits for worker's compensation.

33. After her February 26, 2023, workplace injury, Ms. Becnel was actively instructed by United Airlines management not to seek worker's compensation benefits due to likely retaliation against her by United Airlines management.

34. Even after her injury and subsequent worker's compensation injury claim, Ms. Becnel remained a high-performing employee.

35. After asserting a claim for worker's compensation benefits, Ms. Becnel was accused of specious performance issues as a pretext to her termination, and her probationary period was extended. As promised by United Airlines management, a month after initiating her worker's compensation claim, United Airlines terminated Ms. Becnel in retaliation.

**RELIEF REQUESTED**

36. Wherefore Plaintiff prays for judgment against Defendant as follows:

   (a) For a judgment against Defendant for all asserted causes of action;

   (b) For a judgment awarding compensatory and special damages;

   (c) For judgment awarding front pay;

   (d) For judgment awarding back-pay;

   (e) For a judgment awarding Plaintiff her costs and attorney's fees;

   (f) Punitive Damages;

   (g) For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law; and

   (h) For all other and further relief as may be necessary and appropriate.

37. Plaintiff states any and all other causes of action that may become known through a trial of this matter on its merits against any and all other parties which are herein named or which may be added later, and request any and all other damages or remedies which this Court may seem equitable.

38. Plaintiff reserves the right to notice of defect to this pleading and reserve the right to amend or supplement this Petition after discovery of any additional fact, law, or claim, the amendment of which to be performed by the filing of any subsequent pleading.

## JURY DEMAND

39. Ms. Becnel is entitled to and requests a trial by jury on all issues so triable.

Respectfully submitted,

**SLATER SLATER SCHULMAN, LLP**

  /s/ Daniel A. Meyer
Daniel A. Meyer (La. Bar No. 33278)
825 Baronne Street
New Orleans, Louisiana 70115
Telephone: (504) 334-8522
Facsimile: (212) 922-0907
dmeyer@sssfirm.com
*Counsel for Charlette Becnel*